# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2019, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jarred Parton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 16, 2019<br><br>Court of Appeals Case No.<br>19A-CR-69<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Kelly S. Benjamin,<br>Judge<br><br>Trial Court Cause Nos.<br>03C01-1802-F6-930<br>03C01-1803-F6-1163 |

**Crone, Judge.**

# Case Summary

[1] Jarred Parton appeals his five-year aggregate sentence for level 6 felony possession of methamphetamine and level 6 felony failure to return to lawful detention. Parton asserts that the trial court abused its discretion by failing to find his guilty plea a mitigating circumstance. We affirm.

# Facts and Procedural History

[2] On February 19, 2018, Columbus Police Department Officer Travis Harbough arrested Parton, who had absconded from a work release program ten days prior. In a search of his person incident to his arrest, Officer Harbough found two bags that contained marijuana and methamphetamine.

[3] The State charged Parton with level 6 felony failure to return to lawful detention in cause number 03C01-1803-F6-1163, and with level 6 felony possession of methamphetamine and class A misdemeanor possession of marijuana in cause number 03C01-1802-F6-930. Parton pled guilty in both actions. In return for the plea, the State dropped the class A misdemeanor charge in cause 930 and stipulated that Parton have his sentence under an unrelated cause number be modified by the court to time served.

[4] The trial court held a sentencing hearing in which Parton offered testimony. During argument, Parton made no mention of any mitigating circumstances and did not discuss his guilty plea. The trial court found no mitigators and seven aggravators: (1) Parton's criminal history; (2) multiple failures of supervisory sentences; (3) Parton was on probation when these offenses

occurred; (4) Parton has been offered and failed multiple treatment programs; (5) Parton had multiple jail rule violations while this case was pending; (6) Parton continued to use drugs in jail; and (7) Parton wants to stay a member of the Aryan Brotherhood. The trial court told Parton, "The aggravators far outweigh *any* mitigators." Tr. Vol 2 at 52 (emphasis added). It sentenced Parton to 912 days on each count, to be served consecutively, all executed. The trial court dismissed the class A misdemeanor charge under cause number 930, and also recommended that Parton be sent to a facility that can evaluate him for mental health and substance abuse issues. This appeal followed.

## Discussion and Decision

[5]  Parton argues that the trial court erred by failing to consider his guilty plea as a mitigating factor.[1] "Generally speaking, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion." *Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied* (2016). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemeyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (quotation marks omitted), *clarified on reh'g*, 875 N.E.2d 218.

---

[1] Parton also requests that we "reweigh the aggravating and mitigating factors in [this] case at the appellate level." Appellant's Br. at 6. We cannot. *Anglemeyer v. State*, 868 N.E.2d 482, 493-94 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

The finding of mitigating circumstances rests within the trial court's discretion. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied* (2004). A "trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing." *Anglemeyer*, 868 N.E.2d at 492. However, "this general proposition has at least one important exception, namely: pleas of guilty." *Anglemeyer*, 875 N.E.2d at 220. Because the trial court is inherently aware that a guilty plea is a mitigating circumstance, Parton is not precluded from raising the issue for the first time on appeal. *Id*. "We thus examine the trial court's failure to mention this factor under our abuse of discretion standard of review." *Id.*

In clarifying how to treat a guilty plea, our supreme court offered this analysis:

> We have held that a defendant who pleads guilty deserves some mitigating weight be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record *but also* that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a substantial benefit in return for the plea.

*Id*. (emphasis added) (citations and internal quotations omitted).

*Anglemeyer* is very similar to this case. "[T]he record shows that [Parton's] plea agreement was more likely the result of pragmatism than acceptance of

responsibility and remorse[,]" because the evidence against Parton was overwhelming. *Id.* Also like Anglemeyer, Parton attempted at the sentencing hearing to "minimize his culpability by relying upon . . . mental impairment, and a history of emotional and behavioral problems." *Id. See* Tr. Vol 2 at 6 ("Every decision I make is based on drug use and how to get drugs and how to get high."). In sum, Parton has failed to show that his guilty plea was a significant mitigating circumstance. Therefore, we affirm.

Affirmed.

Bradford, J., and Tavitas, J., concur.